UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GULF BAY CAPITAL, INC.,

      Plaintiff,

v.                                    Case No: 2:14-cv-209-FtM-29CM

TEXTRON          FINANCIAL
CORPORATION,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

    This matter comes before the Court on defendant's Motion to Correct Case Management and Scheduling Order (Doc. #87) filed on April 7, 2016.  Plaintiff filed a Response in Opposition (Doc. #103) on April 25, 2016, and defendant filed a Reply (Doc. #107) on May 3, 2016, with leave of Court.  Because the Case Management and Scheduling Order is accurate, there is nothing to correct and the motion is denied.  On May 18, 2016, defendant filed a Motion to Stay Those Pretrial Deadlines Dependent on Whether Trial is a Jury or Non-Jury Trial (Doc. #112) seeking to stay the requirement to exchange jury instructions, verdict forms, and voir dire, and to submit a trial brief until such time as the issue is decided.

    This is a state court case which was removed to federal court on the basis of diversity jurisdiction.  (Doc. #1.)  Neither the Complaint (Doc. #2) nor the Answer (Doc. #5) contain a demand for a jury trial.  Nonetheless, the Case Management Report (Doc. #12) filed on June 2, 2014, and signed by counsel for both parties,

states that the parties agreed to a jury trial, and estimated its
length at five days (Doc. #12, p. 2).   As a result, the June 9,
2014, Case Management and Scheduling Order (Doc. #15, p. 2)
scheduled the case as a jury trial.   Defendant now seeks to
"correct" this order because the Intercreditor Agreement waived
the right to trial by jury.   Defendant asks that the Case
Management and Scheduling Order (Doc. #15), and Amended Case
Management and Scheduling Order (Doc. #50) to the extent it
incorporates the prior Scheduling Order, be amended to reflect
that there is no jury demand.

Because the parties jointly agreed to a jury trial in a
document filed with the Court despite the known provision in the
Intercreditor Agreement, the Court finds that a jury trial was
sufficiently asserted.   A written demand for trial by jury is not
limited to the pleadings and is made upon service to the other
party.   Fed. R. Civ. P. 38(b).   Without the consent of all parties
to proceed to a nonjury trial, <u>see</u> Fed. R. Civ. P. 38(d), 39(a)(1),
the Case Management Report contained a clear demand and was signed
by counsel for defendant, <u>see</u> <u>KnightBrook Ins. Co. v. Payless Car</u>
<u>Rental Sys., Inc.</u>, 43 F. Supp. 3d 965, 983-84 (D. Ariz. 2014) (the
parties filed a Joint Case Management Report that confirmed
defendants' understanding that no jury trial had been requested
unless plaintiff later requested one, and therefore there was a
clear waiver of defendant's right to a jury trial).   The Court
will not allow defendant to change its mind or to correct a mistake

which it has allowed to remain for almost two years.  The motion is denied.

Defendant does raise a collateral issue in its Reply which is outside the scope of its motion to correct.  Defendant asserts that plaintiff has no right to a jury trial because all the claims are equitable in nature.  This touches on different issues than mere correction of a scheduling order, including whether all the claims are equitable in nature, whether this characterization alone is sufficient to determine a right to a jury trial, and whether the parties can agree to a jury trial where no such right would otherwise exist.  None of these matters, and perhaps others, are properly before the Court.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Correct Case Management and Scheduling Order (Doc. #87) is **DENIED.**

2. Defendant's Motion to Stay Those Pretrial Deadlines Dependent on Whether Trial is a Jury or Non-Jury Trial (Doc. #112) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of May, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

- 3 -