```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GULF BAY CAPITAL, INC.,

    Plaintiff,

v.                                             Case No: 2:14-cv-209-FtM-29CM

TEXTRON FINANCIAL CORPORATION,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Counts II and IV of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. #88) filed on April 8, 2016. Plaintiff filed a Response (Doc. #104) on April 25, 2016.

On March 28, 2014, Plaintiff Gulf Bay Capital, Inc. (Gulf Bay) filed a five-count Complaint (Doc. #2) against Defendant Textron Financial Corporation (Textron) in state court seeking contract reformation (Count I), specific performance (Count II), declaratory judgment (Count III), injunctive relief (Count IV), and money damages (Count V).  Textron timely removed the case to this Court on the basis of diversity jurisdiction (Doc. #1).

The Complaint alleges that the parties executed an intercreditor agreement (Intercreditor Agreement), pursuant to which Gulf Bay was granted an option to purchase a loan agreement

(Senior Indebtedness) that Textron had previously entered into with a third party. Gulf Bay's purchase option is triggered upon receiving notice from Textron that it intends to sell the Senior Indebtedness to a third party. The terms of the Intercreditor Agreement state that Gulf Bay can purchase the Senior Indebtedness only by tendering "the full amount" of the Senior Indebtedness then-outstanding. However, Gulf Bay contends that this "full amount outstanding" language was the result of an error made when the parties' agreement was reduced to writing and does not reflect the parties' mutual pre-execution understanding regarding the purchase option: to allow Gulf Bay to purchase the Senior Indebtedness by matching the offer received from a third party. In other words, Gulf Bay claims that, due to a mutual mistake, the Intercreditor Agreement does not mirror the parties' actual agreement that Gulf Bay would have a right of first refusal.

The Complaint further alleges that Textron subsequently exploited that mutual mistake when, in 2014, Textron rejected Gulf Bay's attempt to match a third party's offer. In so rejecting, Textron claimed that the attempted exercise did not comply with the written terms of the Intercreditor Agreement, since the third party's offer that Gulf Bay sought to match was less than the then-full amount outstanding of the Senior Indebtedness.

Textron has since sold the Senior Indebtedness to a third party and now moves to dismiss Counts II (specific performance)

and IV (injunctive relief) for want of subject matter jurisdiction because those claims are moot. Gulf Bay's Response questions why Textron seeks dismissal, since both Gulf Bay and this Court have already acknowledged the claims are moot (Doc. #28, p. 3 n.1), but Gulf Bay does not oppose dismissal or claim it is inappropriate.

Regardless of Textron's motives, Counts II and IV *were* mooted by Textron's sale of the Senior Indebtedness. Textron is thus correct that the claims must be dismissed for want of subject matter jurisdiction. See, e.g., Muhammad v. HSBC Bank USA, N.A., 399 F. App'x 460, 461 (11th Cir. 2010); Thunderbird, Ltd. v. First Fed. Sav. & Loan Ass'n of Jacksonville, 908 F.2d 787, 791 (11th Cir. 1990); Boross v. Liberty Life Ins. Co., No. 4:10-CV-144, 2011 WL 4102524, at *5 (S.D. Ga. Sept. 14, 2011).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Counts II and IV of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. #88) is **GRANTED** and Counts II and IV are **dismissed as moot** for want of subject matter jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this 31st day of May, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

3