UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

GULF BAY CAPITAL, INC.,

        Plaintiff,

v.                                    Case No: 2:14-cv-209-FtM-29CM

TEXTRON           FINANCIAL
CORPORATION,

        Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Strike Jury Demand (Doc. #115) filed on May 27, 2016. Plaintiff filed a Response in Opposition (Doc. #126) on June 13, 2016. For the reasons set forth below, the Motion is granted in part and denied in part, and trial of Plaintiff's claims is bifurcated.

**I.**

This case seeks to adjudicate Plaintiff Gulf Bay Capital, Inc.'s (Gulf Bay) contractual right to purchase a debt from Textron Financial Corporation (Textron) for the same price offered Textron by a third party.[1] Neither party's pleading demands a jury trial, and under Federal Rule of Civil Procedure 38(b), the time to make such a demand expired on May 6, 2014. Nevertheless, the parties filed a Case Management Report (Doc. #12) on June 2, 2014 stating that they "have agreed on" a jury trial and estimating that trial

---

[1] The Complaint (Doc. #2) asserts claims for reformation, declaratory judgment, and breach of contract.

would last five (5) days. The Case Management Report was signed by counsel for both parties. Accordingly, the Court's June 9, 2014 Case Management and Scheduling Order (Scheduling Order) (Doc. #15) scheduled trial to proceed before a jury.

On April 7, 2016 - nearly two years later - Textron filed a Motion to Amend/Correct Case Management and Scheduling Order (Doc. #87), requesting that the Court "correct" the Scheduling Order by striking the jury designation, since the Case Management Report "incorrectly and mistakenly designate[d] the trial of this case as a jury trial." (Id. at 1.) Textron emphasized that neither party's pleading contains a jury demand and also pointed to a jury waiver clause in the Intercreditor Agreement that is the subject of Gulf Bay's lawsuit. Gulf Bay opposed the Motion, claiming that Textron itself waived (or rather, "un-waived") any prior jury waiver by taking "affirmative actions (i.e., drafting, revising, signing and filing the CMR) and fail[ing] to take timely corrective actions (i.e., failing to object to the jury trial designation for twenty-two (22) months)." (Doc. #103, p. 2.)

On May 20, 2016, this Court issued an Order (Doc. #114) denying the Motion because there was nothing in the Scheduling Order to "correct"; the Scheduling Order simply reflects the Case Management Report's jury-trial designation. The May 20th Order did, however, expressly leave open certain collateral issues that were not properly before the Court, "including whether all the claims are equitable in nature, whether this characterization

alone is sufficient to determine a right to a jury trial, and whether the parties can agree to a jury trial where no such right would otherwise exist." (Id. at 3.)

The instant Motion to Strike Jury Designation addresses those issues. Textron first claims that all of Gulf Bay's claims should be resolved at a bench trial because neither party made a proper jury demand, the Intercreditor Agreement contains a jury-waiver clause, and Textron has never consented to a jury trial on any issue in the case. To the extent the Court finds Textron "consented" to a jury trial via the signed Case Management Report and by failing to timely object to the jury designation, Textron requests bifurcation of Gulf Bay's claims, with the reformation claim to be resolved first at a bench trial. If Gulf Bay is successful, Textron continues, then the breach of contract claims may proceed before a jury. In support of the request to bifurcate, Textron contends that it has the right to withdraw its consent to a jury trial on the reformation claim, since that claim is "equitable" in nature and thus falls outside the Seventh Amendment's jury-guarantee ambit.

Gulf Bay opposes the Motion, arguing that Textron indeed consented to a jury trial in the Case Management Report. Gulf Bay argues further that Textron cannot withdraw its consent to a jury trial on the equitable reformation claim, because that claim shares common issues with Gulf Bay's claim for breach of contract, giving Gulf Bay a Seventh Amendment right to try both before a jury.

**II.**

**A.   Whether Textron Consented to a Jury Trial**

Textron contends that a jury trial is not warranted because neither party made a timely jury demand.[2] Federal Rule of Civil Procedure 38(b) requires that a party seeking to assert a right to proceed before a jury file a writing "demand[ing] a jury trial" within "14 days after the last pleading directed to the issue is served." Where a party fails to do so, the ability to legally "demand" a jury trial is lost. See Heil Co. v. Evanston Ins. Co., 690 F.3d 722, 732 (6th Cir. 2012) (defining "demand" as "the assertion of a legal or procedural **right**" (emphasis added) (quoting Black's Law Dictionary 462 (8th ed. 2004))). This does not, however, mean the *opportunity* to proceed before a jury is forfeited. Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995) ("[B]ecause the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." (citation omitted)). For example, the Court is always permitted, "on motion, [to] order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

---

[2] Textron also argues that the jury designation should be stricken because the Intercreditor Agreement states that both parties "waive the right to a trial by jury." (Doc. #2, p. 24.) The Court is not persuaded. Not only did almost two years pass before Textron challenged the designation, the same clause in the Agreement also purports to give exclusive jurisdiction over all of the parties' disputes to the bankruptcy court. Textron cannot pick and choose which clauses are binding and which are optional.

It is undisputed that neither party filed a Rule 38(b) written jury demand. The Court's CM/ECF docket for this case thus accurately reads "Jury Demand: None." But whether a jury trial was "demanded" in accordance with the Federal Rules (it was not) and whether Gulf Bay waived its right to so "demand" (it did) are not the controlling issues. The question instead is whether the jury designation in the joint Case Management Report is sufficient to establish Textron's subsequent consent to a jury trial.

The Court finds that it is. Textron is a sophisticated business entity represented by sophisticated legal counsel. The Case Management Report was filed approximately six weeks after Textron removed the case to this Court, and the Report – along with its jury-trial designation and this Court's Order scheduling the case for a jury trial – were on the docket for nearly two years before Textron sought to correct the "mistake." In the absence of any case law to the contrary (none of which has been presented to this Court), the Court finds that Textron consented to a trial by jury by signing a joint case management report containing that election. <u>Madura v. Countrywide Home Loans, Inc.</u>, No. 806CV2073T24TBM, 2008 WL 151850, at *1 (M.D. Fla. Jan. 15, 2008) (denying motion to strike plaintiff's jury demand where defendants "indicated on their case management report that Plaintiffs demanded a jury trial (and they did not indicate their objection thereto) and they failed to object to the Court's scheduling orders setting this case for a jury trial"); <u>Coleman v. Lazy Days RV Ctr.,</u>

- 5 -

Inc., No. 8:05-CIV-930-T17TBM, 2007 WL 2696789, at *2 (M.D. Fla. Sept. 12, 2007) ("The defendant agreed to a jury trial in the Case Management Report by a way of signature . . . .").

**B.    Whether Textron Can Revoke Its Consent to a Jury Trial**

Textron argues that even if it did consent to a jury trial by virtue of the case management report, it can withdraw or revoke that consent. Gulf Bay argues that Textron is not constitutionally permitted to do so. Whether Gulf Bay is correct turns on whether there exists a Seventh Amendment right[3] to have a jury try reformation and breach of contract causes of action.[4]

**(1)    Right to a Jury Trial – "Equitable" vs. "Legal" Claims**

Under Federal Rule of Civil Procedure 38(d), "[a] proper [jury] demand may be withdrawn only if the parties consent." Although no proper jury demand was filed in this case, this language has been interpreted to mean that once a jury-trial designation has occurred, the consent of both parties is required

---

[3] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

[4] The declarations requested in Gulf Bay's declaratory judgment count mimic Gulf Bay's claims for breach of contract and reformation. Whether the relief sought should be adjudicated at a bench trial or by a jury is impliedly addressed by the Court's discussion on the reformation and breach claims. Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1523 (11th Cir. 1987) ("When determining whether a declaratory judgment action is legal or equitable, courts have examined the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act." (citation omitted)).

to withdraw the designation as to claims for which there is a Seventh Amendment right to a jury trial. See Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 967-68 (7th Cir. 2004). Where there exists no such right, a party may unilaterally withdraw consent by filing a motion to strike the jury-trial designation. Fed. R. Civ. P. 39(a); Kramer, 355 F.3d at 968 (citation omitted); United States v. Schoenborn, 860 F.2d 1448, 1455 (8th Cir. 1988).

"The Seventh Amendment preserves the right to trial by jury in suits in which legal rights are to be determined in contrast to those in which equitable rights and remedies are involved." Phillips v. Kaplus, 764 F.2d 807, 811-12 (11th Cir. 1985); see also, e.g., Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989). Gulf Bay's breach of contract claim "is a legal issue to be tried by a jury." Borgh v. Gentry, 953 F.2d 1309, 1311 (11th Cir. 1992) (citation omitted). The Court thus agrees that withdrawal of the jury-trial designation for that claim requires both parties' consent. In contrast, mutual consent to withdraw a jury designation on a reformation claim is not typically needed, because "the Seventh Amendment [does not] guarantee[] the right to a jury on a claim of mutual mistake seeking contractual reformation. Such a reformation is an equitable decision made by the court, not the jury, and the parties are not entitled to a jury trial . . . ." Enserch Corp. v. Shand Morahan & Co., 952 F.2d 1485, 1502 (5th Cir. 1992); see also Phillips, 764 F.2d at 814; Barber v. Am.'s Wholesale Lender, No. 8:12-CV-01124-T-27TB,

2013 WL 1149316, at *4 (M.D. Fla. Mar. 19), aff'd, 542 F. App'x 832 (11th Cir. 2013).

Gulf Bay acknowledges this principle of law but nevertheless contends that Textron's withdrawal attempt and bifurcation proposal should be rejected because the lawsuit has equitable *and* legal causes of action. Because those claims share "common issues," Gulf Bay argues it is entitled to try both before a jury.

**(2) Joinder of Legal with Equitable Claims**

Since 1938, the Federal Rules of Civil Procedure have "permit[ted] the joinder of legal and equitable claims in a single action." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 471 (1962). "As a result of the merger of law and equity in the federal courts, however, . . . courts have at times struggled with [how to determine jury rights in cases mixing legal and equitable claims]." Phillips, 764 F.2d at 813. Beginning with the Supreme Court's seminal decision in Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959), it has since become black-letter law that "if a 'legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." Tull v. United States, 481 U.S. 412, 425 (1987) (citation omitted).

Where a case involves legal and equitable causes of action, the court should not conduct a bench trial on equitable claims first if doing so "might, through collateral estoppel, prevent a full jury trial of the [legal claim]." Beacon Theatres, 359 U.S.

at 505; see also Phillips, 764 F.2d at 812 ("[A] legal cause of action is not to be defeated or impaired by a prior proceeding without a jury on other issues involved in the same case." (citations omitted)). "The Seventh Amendment requires that when a cause of action involves legal and equitable claims, 'only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" Williams v. City of Valdosta, 689 F.2d 964, 977 n.11 (11th Cir. 1982) (alteration in original) (quoting Beacon Theatres, 359 U.S. at 510-11)).

Here, Textron requests "prior judicial determination of equitable claims," namely Gulf Bay's reformation claim and claim for related declaratory relief. Whether the Seventh Amendment so permits depends on if a prior judicial determination on reformation will cause Gulf Bay to lose the "right to a jury trial of legal issues" for the breach of contract claim. Id. The Court must determine, therefore, whether resolving the reformation claim will usurp the jury's power to independently adjudicate common issues when deciding the breach of contract claims. Beacon Theatres, 359 U.S. at 505; Williams, 689 F.2d at 977 n.11. If so, prior judicial resolution of the reformation claim would trespass on Gulf Bay's jury rights under the Seventh Amendment, and the Court must allow Gulf Bay to try both claims to the jury. Dairy Queen, 369 U.S. at 479; see also Thermo-Stitch, Inc. v. Chemi-Cord Processing

Corp., 294 F.2d 486, 491 (5th Cir. 1961) ("As long as any legal cause is involved[,] the jury rights it creates control.").[5]

After reviewing the case law cited in the parties' memoranda, and upon the Court's own research, the Court concludes that bifurcating the trial of Gulf Bay's claims is constitutionally permissible. A bench trial on the reformation cause of action will not constrict Gulf Bay's Seventh Amendment right to have its breach of contract claims fully and fairly tried by a jury. Because Florida's parol evidence rule permits extrinsic evidence to be considered when resolving a reformation claim, but not for the typical breach of contract claim, prior judicial resolution of the reformation claim will not, "through collateral estoppel, prevent a full jury trial of the [breach claim]." Beacon Theatres, 359 U.S. at 505. Consequently, Textron may revoke its consent to have the reformation claim tried by a jury.

**(3)  Florida's Parol Evidence Law and Contract Construction**

In resolving a claim seeking to reform a concededly-unambiguous, but allegedly-incorrect, written agreement, the trier of fact must determine whether the agreement's written terms accurately reflect the bargain the parties struck, viz., the fact-finder is called upon to adjudicate the *intended* terms of the agreement. To do so typically requires consideration of parol

---

[5] Decisions of the Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981 are binding Eleventh Circuit precedent, which the district courts must follow. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

- 10 -

(extrinsic) evidence. Providence Square Ass'n, Inc. v. Biancardi, 507 So. 2d 1366, 1371 (Fla. 1987) ("In a reformation action in equity, . . . [] parol evidence is admissible for the purpose of demonstrating that the true intent of the parties was something other than that expressed in the written instrument.").

In contrast, under Florida law, the trier or fact on a breach claim involving an unambiguous contract may not - absent other exceptions to the parol evidence rule not implicated here - look outside the four corners of the contract.[6] Key v. Allstate Ins. Co., 90 F.3d 1546, 1549 (11th Cir. 1996) ("[I]f the terms of a[] . . . contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning, and, unless an ambiguity exists, a court should not resort to outside evidence . . . to construe the contract." (citations omitted)). Unlike in a reformation action then, a jury deciding a breach of contract claim is foreclosed from independently concluding that a mutual mistake caused the contract to have terms different from those the parties

---

[6] "This is especially true when the contract contains an integration clause indicating that the parties intended the written agreement to be the entire agreement" – as does the parties' Intercreditor Agreement. In re Yates Dev., Inc., 256 F.3d 1285, 1289-90 (11th Cir. 2001) (citation omitted); see also Jenkins v. Eckerd Corp., 913 So. 2d 43, 53 (Fla. DCA 1st 2005) ("[A] merger clause . . . generally works to prevent a party from introducing parol evidence to vary or contradict the written terms.").

intended to include.[7] Providence, 507 So. 2d at 1371 ("[T]he general rule in actions at law based on contracts and other written instruments is that ordinarily the writing itself must stand as the only exposition of the parties' intent.").

Because the jury is bound to follow the written terms of an unambiguous contract in deciding a breach of contract claim, prior judicial resolution of Gulf Bay's reformation claim will not preclude the jury from fulfilling its normal adjudicating functions. If the Court concludes that the Intercreditor Agreement should be reformed to reflect the parties' true bargain, then the jury will decide whether there was a breach of that Agreement as-reformed and resultant damages, just as it would in any case alleging breach of an unambiguous contract.

Gulf Bay urges the Court to follow Smith Flooring, Inc. v. Pennsylvania Lumbermens Mutual Insurance Co., in which the Eighth Circuit held that a plaintiff "had a Seventh Amendment right to a trial by jury [on both the reformation and breach of contract

---

[7] By way of a simple analogy, consider an agreement between Smith and Jones in which Smith agrees to purchase 10 televisions from Jones for $1,000. Due to a mutual mistake, the executed agreement reads "computers" instead of "televisions." Smith demands Jones sell him 10 televisions for $1,000, as the parties agreed, and Jones refuses, because the contract says "computers." Smith then files an action in Florida state court seeking reformation of the agreement and damages for breach of the reformed agreement. Under Florida law, the trier of fact deciding the reformation claim could evaluate parol evidence to determine whether the parties intended for Jones to sell Smith televisions, not computers. In contrast, a jury adjudicating the breach claim before the reformation claim had been resolved would have to conclude that the parties intended for Jones to sell Smith computers, as the contract stated.

claims] on the common issue of what the terms of the intended contract were." 713 F.3d 933, 938-39 (8th Cir. 2013). But a key difference between Florida's parol-evidence law and Missouri's (the state whose law was considered in Smith Flooring) prevents that case from being persuasive here.[8] The Court finds more convincing Royal Aviation, Inc. v. Aetna Casualty & Surety Co., which rejected the argument that a "claim for damages on [a] reformed contract is a legal claim which overlaps with the equitable reformation claim," since "a jury would decide no issue . . . that would be in common with the issues in the claim for reformation." 770 F.2d 1298, 1302 (5th Cir. 1985), abrogated on other grounds as recognized in, Parsaie v. United Olympic Life Ins. Co., 29 F.3d 219, 221-22 (5th Cir. 1994); see also Giant Eagle, Inc. v. Fed. Ins. Co., 884 F. Supp. 979, 985-86 & n.3 (W.D. Pa. 1995) (rejecting argument that equitable reformation claim overlapped with breach claim, as "the 'intention of the parties' . . . is relevant only to prove mutual mistake as a basis for reformation"); Bennington Foods, L.L.C. v. St. Croix Renaissance Grp., L.L.L.P., No. CIVA 06-154, 2010 WL 1608483, at *4, 7 n.6 (D.V.I. Apr. 20, 2010) (disagreeing that judicial resolution of

---

[8] Smith Flooring's conclusion was based, in part, on the fact that "Missouri's parol evidence rule includes exceptions for mutual mistake" and thus, unlike Florida law, does not "bar the jury from considering the same extrinsic evidence for the breach-of-contract claim as would be available for the reformation claim." 713 F.3d at 938. The court observed, however, that if "the admissible proof differ[ed] in each instance[,]" there would likely be "no common *issue*." Id. That is precisely the situation here.

reformation claim "trespassed on the jury's role as fact-finder" on breach claim, since "[t]he jury's role . . . would have been to determine the amount of damages to which [plaintiff] was entitled *under the terms of the . . . Contract*," after the court had determined "what the terms of that contract actually were").

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Strike Jury Demand (Doc. #115) is **GRANTED in part and DENIED in part**. The Court will bifurcate these proceedings and first conduct a bench trial on Plaintiff's reformation claim and request for related declaratory relief. If Plaintiff succeeds in having the Intercreditor Agreement reformed, the breach of contract claims and request for related declaratory relief may be tried before a jury.

**DONE and ORDERED** at Fort Myers, Florida, this 27th day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record